# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| EDWARD CHISHOLM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-026 |
| | ) | |
| AL ST. LAWRENCE, *Sheriff,* | ) | |
| MEG DALY HEAP,[1] *District Attorney,* | ) | |
| IAN HEAP, *Assistant District* | ) | |
| *Attorney,* and NOAH ABRAMS, | ) | |
| *Assistant District Attorney,* | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is what Edward Chisholm has styled as a civil rights complaint "for bad faith prosecution." (Doc. 1; doc. 4 (amended complaint).) The Court granted him leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 6 & 7.)

---

[1] Chisholm spelled her name as "Meagan Heap." (Doc. 1 at 1.) She uses the name "Meg Daly Heap," so the caption has been amended. All future filings shall conform.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Chisholm contends that he is being held illegally due to various procedural wrongs committed during an ongoing state criminal prosecution. (Doc. 1 at 1-7.) He is suing under a laundry-list of statutes, including 42 U.S.C. § 1983 and the habeas and post-conviction remedies described at 28 U.S.C. §§ 2241 & 2254. (*Id.* at 1.) As relief, he asks that

the indictment be dismissed and that he be released from custody. (*Id.* at 7.) The Court is in no position to grant such relief.

To the extent his claim is targeted at interrupting an ongoing state prosecution, the Court should abstain from considering it. *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger v. Harris*, 401 U.S. 37 (1971)). A federal court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). While Chisholm asserts that this is a bad faith prosecution, he has not offered any believable facts showing bad faith.

Merely stating that alleged constitutional and other procedural defects amount to "bad faith" is insufficient to carry the day.[2] As he has not met any of the exceptions to *Younger* abstention, this Court is without authority to enjoin the pending state prosecution.

Additionally, plaintiff may not pursue the habeas remedy of release[3] until he has exhausted his state remedies. Exhaustion is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state

---

[2] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir.1995); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

[3] *See Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

court remedies."). If Chisholm wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules.[4]

As the Court cannot grant the relief he requests, plaintiff's complaint should be **DISMISSED** without prejudice, for it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-427 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief). For the same reasons, his motion for appointment of counsel (doc. 4) is **DENIED**.

---

[4] For example, if he intends to invoke § 2254, he is required to use or substantially follow the Court's form petition. *See* Rule 2(d), Rules Governing Section 2254 Cases.

Meanwhile, Chisholm must pay for filing this lawsuit. Based upon his furnished information, he owes a partial filing fee of $34.23. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's account custodian shall remit that amount to the Court and shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented

immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 6Th day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA